JOAQUIN C. ARRIOLA, JR., ESQ.
JACQUELINE TAITANO TERLAJE
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant JESSICA ROSE MESA

**FILED**
DISTRICT COURT OF GUAM
AUG - 4 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. **CR05-00039** |
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO SEVER;** |
| | ) | **MEMORANDUM IN SUPPORT** |
| JESSICA ROSE MESA, et al., | ) | |
| Defendants. | ) | |

COMES NOW, Defendant JESSICA ROSE MESA, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and requests, pursuant to Rules 14 of the Federal Rules of Criminal Procedure, the attached Memorandum in Support, the record on file herein, and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: August 4, 2005.

ARRIOLA, COWAN & ARRIOLA
Defendant JESSICA ROSE MESA

_____
JACQUELINE TAITANO TERLAJE

# MEMORANDUM IN SUPPORT OF MOTION TO SEVER TRIAL

The Indictment herein charges eight (8) Defendants with various crimes including Conspiracy to Import Methamphetamine, Conspiracy to Distribute Methamphetamine, Attempted Possession of Methamphetamine, and Money Laundering Conspiracy. Defendant Jessica Mesa is charged with only count, Conspiracy to Distribute Methamphetamine. Ms. Mesa moves the Court for an order severing her trial from the remaining Co-Defendants based on prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure.

Rule 14 of the Federal Rules of Criminal Procedure provides as follows:

(a) Relief.

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

(b) Defendant's Statements.

Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

(Emphasis added.) The purpose of Rule 14 is to balance the rights of the defendant to a fair trial absent prejudice which may result from joinder. United States v. Lewis, 787 F.2d 1318 (9th Cir. 1986). The Ninth Circuit has defined the prejudice required to sustain a severance as follows:

> The moving party must show more than that a separate trial would have given him a better chance for acquittal. He must also show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate defense counsel among defendants with conflicting interests, or failure to properly instruct the jury on the admissibility of

evidence as to each defendant. In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial.

Douglass, 780 F.2d at 1478 (quoting United States v. Escalante, 637 F.2d 1197 (9th Cir. 1980).

In determining the appropriateness of severing defendants, the Court should consider that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. Bradley v. United States, 433 F.2d 1113, at 1117 (D.C. Cir., 1969).

I. MS. MESA IS PREJUDICED BY THE INABILITY TO CONFRONT AND CROSS-EXAMINE WITNESSES.

In Zafiro v. United States, 506 U.S. 534 (1993), the Court held that severance should be granted if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. The inability to confront and cross-examine witnesses resulting from joinder is prejudicial error. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 21 L.Ed.2d 476 (1968). The Supreme Court in Bruton held that a defendant's right to confront and cross-examine witnesses against him is violated if the jury is presented with a non-testifying co-defendant's confession or statements that also incriminates that Defendant. The court later extended this ruling to include situations where the defendant's own confession is admitted against him. Cruz v. New York, 481 U.S. 186, 192-193 (1987).

3

Under Bruton, Ms. Mesa should be severed from the other co-defendants to prevent such error arising from her inability to confront and cross-examine a non-testifying co-defendant. Discovery provided to date, together with the grand jury transcripts, reveals that the Government may use statements of other defendants against Ms. Mesa. Based on the discovery adduced to date, it is highly likely that co-defendants' statements will be introduced or sought to be introduced by the Government against other non-testifying defendants, including Ms. Mesa. Specifically, Mr. Cole made statements implicating that the other persons present, which included Ms. Mesa, would be assisting with the distribution. A complete copy of the discovery and transcript of the statements by Sean Cole can be provided under seal to the Court for its review. In the event these statements of Sean Cole are introduced by the Government, and he asserts his rights not to testify, Ms. Mesa will be denied her right to confront and cross examine the witnesses against her. As acknowledged in *Bruton*, severance of defendants is the appropriate remedy. (*See also,* People v. Aranda, 63 Cal.2d 518, 530 (1965); People v. Brown, 79 Cal.App.3d 649 (1978); United States v. Ragghianti, 527 F.2d 586 (9th Cir. 1975). Importantly, in this case a cautionary instruction will not cure the gross disparity in the quantum of evidence as between all defendants. The prejudicial joinder of Ms. Mesa requires her severance from the other co-defendants.

II. **MS. MESA IS FURTHER PREJUDICED BY THE NUMBER OF DEFENDANTS AND NUMBER OF CHARGES IN THE INDICTMENT.**

The potential for improper inferences by the jury is great in a case such as this. The "guilt by association" factor evidencing prejudice in this joinder of defendants is patent. The jury is more than likely to misuse and be confused by the evidence as to all offenses, by cumulating all of the

4

evidence to find Ms. Mesa guilty of any offense or all offenses due to the numerous offenses charged against the other defendants. Bradley v. United States, supra. As noted in Moore's Federal Practice:

> Severance may be required to protect a defendant from a "spillover" of evidence where there is a gross disparity in the quantum of evidence as between the two defendants. In has been held below, however, that a claim of disparity of evidence will only result in a severance in "the most extreme case," where the prejudice is "clearly beyond the curative powers of a cautionary instruction." In determining this issue primary consideration is given to whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.

8 MOORE'S FEDERAL PRACTICE, Section 14.04, at pp. 14-109-14-110 (citations omitted.) "Prejudice exists if the jury is unable to assess the guilt or innocence of each defendant on an individual and independent basis." Tootick v. United States, 952 F.2d 1078, 1082 (9th Cir. 1991). Because of the plethora of charges in the indictment, and the number of defendants in this case, the charges against Ms. Mesa are likely to be swallowed up by the jury in considering the entire state of evidence against the remaining defendants. Bradley v. United States, 433 F.2d 1113, at 1117 (D.C. Cir., 1969).

## CONCLUSION

For all the foregoing reasons, Defendant JESSICA MESA respectfully requests that the Court sever her trial from the other co-defendants in these proceedings. Alternatively, Ms. Mesa requests to suppress the prejudicial statements or a redaction of the evidence.

Dated at Hagåtña, Guam: August 4, 2005.

ARRIOLA, COWAN & ARRIOLA<br>
Defendant JESSICA ROSE MESA<br>
<br>
_____<br>
JACQUELINE TAITANO TERLAJE

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2005, a copy of Defendant JESSICA ROSE MESA's Motion to Sever, Memorandum in Support, and Notice of Hearing, were served upon Plaintiff United States of America, by hand-delivering a copy thereof to:

>Marivic P. David, Esq.
>Assistant U. S. Attorney
>Office of the United States Attorney
>Criminal Division
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam 96910

Dated at Hagåtña, Guam: August 4, 2005.

ARRIOLA, COWAN & ARRIOLA
Defendant JESSICA ROSE MESA

_____
JACQUELINE TAITANO TERLAJE