1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

# FILED

**DISTRICT COURT OF GUAM**

AUG 17 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.  05-00039 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| GILBERT JOSE MATTA, | ) | **Denying Motions to Sever** |
| JESSICA ROSE MESA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

17    On August 15, 2005, this case came before the Court for hearing on Defendant Jessica

18    Rose Mesa's ("Mesa") Motion to Sever (Docket No. 64) and Defendant Gilbert Jose Matta's

19    ("Matta") Motion to Sever Second Count of Indictment and for Separate Trial (Docket No. 72).

20    Assistant United States Attorney Marivic P. David appeared on behalf of the Government.

21    Appearing for Defendant Matta was Louie Yanza, Esq., and Joaquin C. Arriola, Jr. appeared on

22    behalf of Defendant Mesa. At the conclusion of the hearing, the Court took the motions under

23    advisement.  Upon consideration of the record, argument of counsel, and relevant statutes and

24    case law, the Court hereby DENIES both motions to sever in their entirety and sets forth the

25    bases for its decision herein.

26                                                **BACKGROUND**

27    On May 25, 2005, an Indictment alleging various drug and money laundering charges

28    was filed against Defendants Matta and Mesa and six other codefendants.  The only charge in

United States v. Gilbert Jose Matta, Jessica Rose Mesa, et al. Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever
Case 1:05-cr-00039   Document 89   Filed 08/17/2005   Page 2 of 9

1  the Indictment against Defendants Matta and Mesa was Count II, charging them and the other

2  defendants with Conspiracy to Distribute Methamphetamine.

3       The Defendants' motions and the Government's opposition do not set forth the pertinent

4  facts in detail. Accordingly, the following background facts are obtained from the original

5  Complaint in Magistrate Case No. 05-00028.

6       On May 16, 2005, during an operation at the Guam International Airport targeting

7  arriving passengers from Honolulu, Hawaii, a drug detector dog "alerted" to two passengers –

8  male and female – later identified as Gerardo Eloy Gonzalez, Jr. and Mia Mary Rojas. Law

9  enforcement agents later discovered that Ms. Rojas had 162.5 grams gross weight of a white

10 crystal substance in a condom secreted on her person. The substance was field tested and

11 resulted in a presumptive positive for the presence of amphetamines.

12       Ms. Rojas told the officers that she and Mr. Gonzalez were expected to check in to Hotel

13 Mai Ana and then call John Timothy Peralta to arrange for the delivery of the crystal substance.

14 Mr. Gonzalez confirmed Ms. Rojas's statement.

15            Rojas and Gonzalez further explained that approximately a year ago,
      Annette Gonzalez, SEAN MICHAEL COLE a/k/a/ SHAWN COLE, Lisa
16      Rodriguez, Deanna Morales, Douglas Guerrero, John Peralta, and others all agreed
      to smuggle crystal methamphetamine between Tijuana, Mexico, California, and
17      Guam. According to Rojas, Peralta was the main distributor in Guam for this
      organization. Rojas stated that COLE, Guerrero, Morales, Rodriguez and others
18      have carried crystal methamphetamine secreted in their body cavities. According
      to Rojas, COLE, Guerrero, and Rodriguez began to smuggle their own crystal
19      methamphetamine, however, would check each other when one of them were out
      of crystal methamphetamine.

20
            On May 17, 2005, a controlled delivery was conducted where Rojas and
21      Gonzalez were placed at the Hotel Mai Ana, Room 208. Rojas and Gonzalez were
      given a zip lock bag containing "sham," or a counterfeit substance. Gonzalez
22      placed a monitored and recorded telephone call to SEAN MICHAEL COLE
      a/k/a/SHAWN COLE, and informed him that he and Rojas had arrived in Guam.
23      COLE told Gonzalez that he was at the airport waiting for them. COLE told
      Gonzalez that he would come by Hotel Mai Ana.

24 ///

25 ///

26 ///

27 ///

28 ///

Case 1:05-cr-00039   Document 89   Filed 08/17/2005   Page 3 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1   On May 17, 2005, at about 8:59 p.m., COLE arrived at the Hotel Mai Ana,
Room 208, with GILBERT JOSE MATTA and JESSICA ROSE MESA. COLE
2   spoke with Gonzalez and Rojas and told them about two couriers who were
internally carrying crystal methamphetamine but were arrested in Guam on
3   Saturday. COLE told Gonzalez and Rojas that he will sell the crystal
methamphetamine and return in a day or so with money for Gonzalez and Rojas.
4   COLE told them that MATTA and MESA were going to assist COLE in
distributing the crystal methamphetamine. COLE was arrested after taking
5   possession of the sham and as he was preparing to leave the hotel room.

6   Complaint, Magistrate Case No. 05-00028, at ¶¶7-9. This was the second of three reverse sting

7   operations that evening involving Ms. Rojas and Mr. Gonzalez.

## ANALYSIS

9   Rule 8 of the Federal Rules of Criminal Procedure permits joinder of defendants in the

10   same indictment to promote judicial economy.

11   The indictment or information may charge 2 or more defendants if they are alleged
to have participated in the same act or transaction, or in the same series of acts or
12   transactions, constituting an offense or offenses. The defendants may be charged in
one or more counts together or separately. All defendants need not be charged in
13   each count.

14   Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants

15   who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They

16   promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of

17   inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (*quoting* Richardson

18   v. Marsh, 481 U.S. 200, 209-210 (1987)).

19   Nevertheless, a trial judge has broad discretion to grant or deny severance of joined

20   counts or defendants after balancing the interest in judicial economy against the risk of

21   prejudice to the defendant or the Government. Rule 14 of the Federal Rules of Criminal

22   Procedure provides for relief from prejudicial joinder and states that "[i]f the joinder of offenses

23   or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

24   defendant or the government, the court may order separate trials of counts, sever the

25   defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

26   As Defendant Mesa herself notes,

27   [t]he moving party must show more than that a separate trial would have given him
a better chance for acquittal. He must also show violation of one of his substantive
28   rights by reason of the joint trial: unavailability of full cross-examination, lack of

1  opportunity to present an individual defense, denial of Sixth Amendment
   confrontation rights, lack of separate counsel among defendants with conflicting

2  interests, or failure properly to instruct the jury on the admissibility of evidence as
   to each defendant. In other words, the prejudice must have been of such magnitude

3  that the defendant was denied a fair trial.

4  United States v. Douglas, 780 F.2d 1472, 1478 (9th Cir. 1986) (*quoting* United States v.

5  Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980)).

6  Defendants Matta and Mesa now seek to sever their trials from the other codefendants for

7  two reasons: (1) they are prejudiced by the inability to confront and cross-examine defendant

8  Cole on his statement that implicates them in the conspiracy to distribute drugs; and (2) joinder

9  prejudices the defendants based on the number of charges, number of defendants, and the

10  overwhelming evidence against the other codefendants. Additionally, Defendant Matta argues

11  that severance is warranted since prejudice will occur if he decides to testify only as to Count II

12  but does not testify about the circumstances surrounding the other counts. These arguments are

13  discussed separately below.

14  1.  The *Bruton* Rule and the Right to Confrontation

15  The Defendants contend that unless they are severed from the other codefendants,[1] they

16  will be prejudiced by their inability to confront and cross-examine a non-testifying codefendant,

17  namely Sean Cole. Specifically, the Defendants assert that the Government intends to introduce

18  the statement of defendant Cole to Ms. Rojas and Mr. Gonzalez that the two individuals present

19  with him – Defendants Mesa and Matta – would assist in the distribution of the drugs. The

20  Defendants contend that without this statement, there is little evidence, if any, to connect them

21  to the distribution conspiracy. Defendants Matta and Mesa contend that because defendant

22  Cole will likely assert his right not to testify, they will be denied their right to cross-examine

23  him and the veracity of his statement, a right secured by the Confrontation Claus of the Sixth

24

25  [1] At the August 15, 2005 hearing, the Court asked counsel for the Defendants what
    specific relief they were seeking. Defendant Mesa's counsel stated that his client was requesting

26  that either the trial against Defendants Matta and Mesa be severed from the other Defendants or
    that the Court sever Count II from the other offenses in the Indictment. Counsel for Defendant

27  Matta, on the other hand, requested that Defendants Mesa, Matta and Cole proceed separately on

28  Count II only.

- 4 -

Case 1:05-cr-00039    Document 89    Filed 08/17/2005    Page 5 of 9
United States v. Gilbert José Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1  Amendment. In support of their argument, the Defendants cite to <u>Bruton v. United States</u>, 391

2  U.S. 123 (1968), where the Supreme Court ruled that a defendant is deprived of his Sixth

3  Amendment right of confrontation when a facially incriminating confession of a non-testifying

4  codefendant is introduced at their joint trial, even if the jury is instructed to consider the

5  confession only against the codefendant. <u>Id.</u> at 126.

6      The Government, on the other hand, asserts that this case is not analogous to <u>Bruton</u>.

7  The Government notes that the <u>Bruton</u> confession was obtained during post-arrest questioning,

8  while here defendant Cole's allegedly prejudicial statement was made pre-arrest during the

9  course and in furtherance of the conspiracy. As such, <u>Bruton</u> is inapplicable.

10     The Ninth Circuit in <u>United States v. McCown</u>, 711 F.2d 1441 (9th Cir. 1983), held that

11  <u>Bruton</u> was inapplicable when the statements complained of were not statements made in a

12  confession but were statements made in furtherance of a conspiracy. <u>Id.</u> at 1448. "Admission

13  of the co-conspirator statements did not jeopardize [the defendant's] [S]ixth [A]mendment right

14  to confrontation, since the admitted statements substantially met the indicia of reliability set

15  forth by the Supreme Court in <u>Dutton v. Evans</u> 400 U.S. 74, 88-89 (1970)." <u>McCown</u>, 711 F.2d

16  at 1449.

17     In a later case, the Supreme Court held that evidence of a statement that satisfies the

18  requirements for admission under the co-conspirator exception of Fed. R. Evid. 801(d)(2)(E)

19  will not violate a defendant's right under the Confrontation Clause of the Sixth Amendment.

20  See <u>Bourjaily v. United States</u>, 483 U.S. 171, 182-83 (1987). Co-conspirator statements under

21  Rule 801(d)(2)(E) are among the "firmly rooted" exceptions to the hearsay rule and therefore,

22  "a court need not independently inquire into the reliability of such statements." <u>Id.</u> at 183-84.

23  Thus, a statement of a co-conspirator is admissible against a defendant under Rule 801(d)(2)(E)

24  if the Government shows by a preponderance of the evidence that (1) a conspiracy existed at the

25  time the statement was made; (2) the defendant had knowledge of and participated in the

26  conspiracy; and (3) the statement was made in furtherance of the conspiracy. <u>Id.</u> at 175. To be

27  in furtherance of the conspiracy, "the statements must further the common objectives of the

28  conspiracy or set in motion transactions that are an integral part of the conspiracy." <u>United</u>

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 6 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1  States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988). Expressions of future intent are also
2  admissible. United States v. Bowman, 215 F.3d 951, 961 (9th Cir. 2000).

3      In the present case, there is ample evidence of the existence of a conspiracy at the time
4  the statement was made. The second requirement is that Defendants Matta and Mesa had
5  knowledge of and participated in the conspiracy. The Court finds that the preponderance of the
6  evidence supports such a conclusion. The Court is skeptical of the Defendants' assertions that
7  they merely drove defendant Cole to Hotel Mai Ana and accompanied him inside Room 208
8  without any knowledge of what would transpire therein. Defendant Cole knew he was going to
9  Room 208 to pick up what he believed was illegal drugs from Mr. Gonzalez and Ms. Rojas. If
10 the Defendants were merely "two unsuspecting friends," defendant Cole would more than likely
11 have asked them to wait in the car for him while he went into the room himself rather than
12 permit them to accompany him into the room when he met with Rojas and Gonzalez to pick up
13 the drugs. Moreover, after hearing defendant Cole's statement implicating them, the
14 Defendants did not protest or correct the alleged misstatement. The Defendants' actions
15 indicate that they had knowledge of and participated in the conspiracy as charged in Count II.
16 Finally, the defendant Cole's pre-arrest statement that Defendants Matta and Mesa will assist in
17 the distribution of the drugs meets the third requirement as said statement was an expression of
18 the future intent to further the common objectives of the conspiracy. Because defendant Cole's
19 statement falls into the co-conspirator exception to the hearsay rule, the Court concludes that
20 Bruton rule is inapplicable, and there is no violation of the Defendants' rights of confrontation.
21 Accordingly, the Defendants' motions to sever on this basis is denied.

22      2.      Risk of Spillover

23      The Defendants' next argument is that severance should be granted to prevent
24 transference of guilt from the other codefendants to Defendants Matta and Mesa. The
25 Defendants contend that because of the "plethora of charges in the indictment, and the number
26 of defendants in this case" the charge against Defendants Matta and Mesa will "likely be
27 swallowed up by the jury in considering the entire state of evidence against the remaining
28 defendants." Mesa's Mot. to Sever, Docket No. 64, at 5.

Case 1:05-cr-00039 Document 89 Filed 08/17/2005 Page 7 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1      The possibility that evidence against codefendants may "spill over" on a defendant is

2   rarely sufficient to demonstrate compelling prejudice, especially when the jury receives limiting

3   instructions. The general rule is that defendants who are indicted together in federal court

4   should be jointly tried. United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,*

5   449 U.S. 856 (1980). Joinder is favored in federal criminal cases largely for reasons of judicial

6   economy and efficiency, despite some degree of bias inherent in joint trials. United States v.

7   Tootick, 952 F.2d 1078 (9th Cir. 1991). As the Supreme Court has stated, severance should be

8   granted

9          only if there is a serious risk that a joint trial would compromise a specific trial
           right of one of the defendants, or prevent the jury from making a reliable judgment
10         about guilt or innocence. ... When the risk of prejudice is high, a district court is
           more likely to determine that separate trials are necessary, but as we indicated in
11         Richardson v. Marsh, less drastic measures, such as limiting instructions often
           suffice to cure any risk of prejudice."

12

13   Zafiro, 506 U.S. at 539. "A crucial factor is the judge's diligence – or lack thereof – in

14   instructing the jury on the purposes to which various strands of evidence may be put. In fact,

15   we have stated that 'the prejudicial effect of evidence relating to the guilt of codefendants is

16   generally held to be neutralized by careful instruction by the trial judge.'" Douglas, 780 F.2d at

17   1479 (*quoting* Escalante, 637 F.2d at 1201) (other citations omitted).

18      The Ninth Circuit has recognized that a great disparity in the amount of evidence

19   introduced against joined defendants may, in some cases, be grounds for severance. See United

20   States v. Donaway, 447 F.2d 940 (9th Cir. 1971) (holding that district court abused its discretion

21   in refusing to grant defendant's motion for severance where the great majority of evidence

22   introduced at the joint trial related only to other defendants). However, in assessing the

23   prejudicial effect of a joint trial, the primary consideration is whether "the jury can reasonably

24   be expected to compartmentalize the evidence as it relates to separate defendants, in view of its

25   volume and the limited admissibility of some of the evidence." Douglas, 780 F.2d at 1479

26   (*quoting* Escalante, 637 F.2d at 1201).

27      The Court concludes that this is not one of those rare cases where severance is warranted.

28   There are only four separate counts in the Indictment – all related to drug distribution and the

Case 1:05-cr-00039    Document 89    Filed 08/17/2005    Page 8 of 9
United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1    laundering of the drug proceeds. While there are eight defendants charged in the Indictment,

2    three have already pled guilty, thus only five defendants will actually proceed to trial at this

3    time – a manageable number. While Defendants Matta and Mesa may suffer some prejudice,

4    this is the sort of prejudice that is normally attendant to trials of multiple defendants. Such

5    prejudice is insufficient to warrant severance when weighed against the interest in judicial

6    economy. Furthermore, any potential prejudice may be cured or minimized by the trial court's

7    carefully crafted instructions to the jury. Accordingly, the Defendants' motions to sever based

8    on the risk of spillover or transference of guilt is denied as well.

9        3.    Prejudice Resulting from Testimony on One Count and not Others

10       Defendant Matta's final argument is that severance is necessary to avoid prejudice that

11   would result from his desire to testify as to Count II but invoke his Fifth Amendment right as to

12   the other counts. Defendant Matta cites to Cross v. United States, 335 F.2d 987 (D.C. Cir.

13   1964) and asserts that the jury will suspect that he is hiding something if he does not testify as

14   to the other charges.

15       Defendant Matta's reliance on Cross is misplaced since he is only charged with one count

16   in the Indictment. He would not need to present any testimony or defense with respect to the

17   other counts of the Indictment. The jury could and would be specifically instructed that the

18   Defendant was only on trial for Count II as charged in the indictment, not for any other

19   activities. Additionally, the trial court would likely include an instruction that a separate crime

20   is charged against each defendant, and although the charges have been joined for trial, the jury

21   must consider and decide the case of each defendant separately. Furthermore, the Court will not

22   presume that the jury would not follow the Court's instructions. Accordingly, the Court denies

23   the motion to sever on this ground.

24   ///

25   ///

26   ///

27   ///

28   ///

United States v. Gilbert Jose Matta, Jessica Rose Mesa, *et al.*, Criminal Case No. 05-00039
Order Denying Defendants' Motions to Sever

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Sever are denied in their entirety.

SO ORDERED this 17th day of August 2005.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge

- 9 -